UNITED STATES, Appellee,

v.

Sergeant Michael R. NEWMAN, 430–39–3127, United States Army, Appellant.

ACMR 9002646.

U.S. Army Court of Military Review.

21 April 1992.

For Appellant: Captain Emmett G. Wells, JAGC (argued); Captain James M. Heaton, JAGC (on brief).

For Appellee: Captain Timothy W. Lucas, JAGC (argued); Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Daniel J. Dell'Orto, JAGC (on brief).

## OPINION OF THE COURT

**WERNER, Judge:**

Contrary to his pleas, the appellant was convicted by a general court-martial composed of members of three specifications of aggravated assault upon his two minor stepchildren and his infant son, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (1982).[1] His sentence to a dishonorable discharge, confinement for eight years, forfeiture of all pay and allowances, and reduction to Private E1 was approved by the convening authority.

The evidence of record amply established that the appellant savagely assaulted his stepchildren and infant son on three different occasions. These assaults included the fracturing of the skull of his then eight-month-old stepson Christopher in December 1986; the breaking of the femur of his then two-month-old son Ray in January 1989; and the breaking of the clavicle of his then five-year-old stepdaughter Chynthia in October 1989. Proof of the prosecution's case came from the testimony of Chynthia and the appellant's wife; expert medical testimony from a pediatrician, orthopedist and radiologist; statements against interest from the appellant to medical, police and command personnel; and corroborating testimony from social workers.

During the government's case-in-chief, the assistant trial counsel also attempted to introduce opinion testimony from a military forensic psychologist, Captain Clifford. The defense counsel objected to the government's proffer, arguing that it would impermissibly "show [the] propensity of the accused to commit the offenses alleged."[2] In response to the military judge's request that he justify admission of Captain Clifford's testimony, the assistant trial counsel stated:

Your Honor, I am trying to say that defense knew where we were going. He is going to testify as to the tests that he conducted on the accused and it has to do with his impulse control and that he is hot headed based on what he's seen, inflexible, rigid, and that's based on the psychological testing. He wasn't ordered over there. That issue has been decided. He's been—Captain Clifford is now an expert witness. He's conducted this properly and he's not going to sit here and tell the panel that he did it on purpose. This is just some evidence for the panel to weigh.

The military judge permitted Captain Clifford to testify concerning how the appellant "tends to react to stressful situations" and "how he fits within the general realm of population." However, he cautioned him to not "extrapolate into hypotheticals" and to avoid "characterization about the accused on [sic] under a particular undefined circumstances, blowing up, striking out, punching, or using words like that." The judge also stated that since the defense of accident had been raised, he would permit the expert testimony because it "may help clarify that" issue.

It is apparent that the military judge intended to preclude Captain Clifford from giving his opinion about the appellant's character and to focus his testimony on the defense of accident. However, neither Captain Clifford's testimony nor the questions posed to him by the assistant trial counsel remained within the parameters set out in the judge's ruling. The record indicates that Captain Clifford's testimony was a rambling and confused recitation of his psychological examination and analysis of the appellant in which he implied that the appellant was likely to strike his children when he was stressed or irritated by their behavior. Furthermore, at no point was he asked nor did Captain Clifford comment

[1]. Although charged with having assaulted the children by intentionally inflicting grievous bodily harm, two of the specifications resulted in findings of guilty of the lesser-included offense of assault with a means likely to cause grievous bodily harm.

[2]. During a motions hearing, the defense also advised the military judge of its intention to object to Captain Clifford's testimony on the basis of Manual for Courts–Martial, United States, 1984, Mil.R.Evid. 403 [hereinafter Mil. R.Evid.]. However, the defense did not restate those grounds during the trial.

about whether the appellant's misconduct toward his children may have been accidental.

■ We hold that the military judge abused his discretion in permitting Captain Clifford to testify, over the defense counsel's objection, about the appellant's negative behavioral predisposition and the likelihood that it would cause him to behave violently toward his children. "Evidence of a person's character or a trait of a person's character is not admissible for the purpose of proving that the person acted in conformity therewith on a particular occasion." Mil.R.Evid. 404(a). However, "[e]vidence of a pertinent trait of the character of the accused offered by an accused, or by the prosecution to rebut the same" is admissible. Mil.R.Evid. 404(a)(1). "Character trait" refers to elements of one's disposition, "such as honesty, temperance or peacefulness." *United States v. West*, 670 F.2d 675, 682 (7th Cir.1982). Opinion testimony is a permissible way in which evidence of an accused's character may be presented to the court. Mil.R.Evid. 405(a).

In the instant case, Captain Clifford's opinion testimony averred that the accused possessed a certain psychological characteristic—lack of impulse control—tending to establish that, under certain stressful conditions, he was likely to strike his children. As this testimony was first presented during the government's case-in-chief and was not presented to rebut contrary character evidence offered by the accused, it offended Mil.R.Evid. 404(a). The government has argued that Captain Clifford's testimony was properly determined to be admissible as tending to assist the trier of fact in understanding the evidence or in determining a fact in issue. *See* Mil. R.Evid. 702. However, the underlying rationale for proscribing governmental use of opinion evidence of the accused's character under Mil.R.Evid. 404(a) is even more compelling when the testimony is presented through expert witnesses. "Such rules of

evidence formulated by the President reflect a realistic concern that such evidence has a strong 'tendency to arouse undue prejudice' in the court against an accused, 'confuse and distract' the court from the issues before it, 'engender time-consuming side issues and ... create a risk of unfair surprise.' *McCormick's Handbook on the Law of Evidence* § 186 (2d ed. 1972)." *United States v. Gambini*, 13 M.J. 423, 427 (C.M.A.1982); *see also United States v. Rausch*, 43 C.M.R. 912 (A.F.C.M.R.1970). This is especially true when amplified by the aura that often surrounds the testimony of expert witnesses.

■ We also hold that the military judge should have excluded Captain Clifford's testimony pursuant to the defense's objection under Mil.R.Evid. 403 as it not only failed to clarify the behavioral issues in the case, but tended to confuse them.[3] The military judge's efforts at redirecting his testimony from the inadmissible matter of the appellant's character to "clarifying" issues concerning the defense of accident were inadequate and abortive.

■ Appellate government counsel have argued that we may affirm the appellant's conviction notwithstanding the error on the basis of waiver and lack of material prejudice. We disagree that there was waiver but agree that there was no prejudice. Waiver would apply if the appellant failed to state the specific ground for his objection or if that ground was not apparent from the context of the proceedings. Mil. R.Evid. 103(a)(1). The defense counsel expressly stated that his objection was based on Mil.R.Evid. 403 but did not mention Mil. R.Evid. 404(a). However, the defense counsel also indicated his objection was grounded on the adverse effect of Captain Clifford's testimony in demonstrating the appellant's propensity for violence under stress. Under the circumstances, this amounts to constructive invocation of Mil. R.Evid. 404(a).

---

**3.** Mil.R.Evid. 403 states that, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the members, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

We further hold that the appellant was not prejudiced by the military judge's error. The other evidence of appellant's guilt was certain, corroborated, and overwhelming. On the other hand, the evidence from Captain Clifford was hesitant and confusing. We are satisfied beyond a reasonable doubt that it did not affect the trier of fact in reaching its verdict.

We have considered the remaining assignments of error raised pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), and find them to be without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge JOHNSON and Judge GRAVELLE concur.